IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY SEELIGSON, JOHN M. SEELIGSON, SUZANNE SEELIGSON NASH, and SHERRI PILCHER, individually and on behalf of all others similarly situated, | § § § § § § § § § § § § § | Case No. 3:16-cv-00082-K |
| *Plaintiffs*, | | |
| v. | | |
| DEVON ENERGY PRODUCTION COMPANY, L.P., | | |
| *Defendant.* | | |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO SUPPLEMENT CLASS CERTIFICATION RECORD**

Plaintiffs Henry Seeligson, John M. Seeligson, Suzanne Seeligson Nash, and Sherri Pilcher (collectively, "Plaintiffs") respectfully submit this Brief in Support of Motion for Leave to Supplement Class Certification Record (the "Motion for Leave") seeking leave to present additional evidence in support of Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (ECF No. 51) (the "Class Certification Motion").

This case was transferred to the Northern District of Texas on January 12, 2016, after pending in the Eastern District of Texas for more than a year, and the Court denied Plaintiffs' Class Certification Motion on February 11, 2016. *See* ECF Nos. 114, 139. Plaintiffs file this Motion for Leave concurrently with Plaintiffs' Motion to Reconsider Order Denying Class Certification and Motion for Leave to File Second Class Certification Motion (the "Motion to Reconsider").

As discussed in detail in the Motion to Reconsider, Plaintiffs briefed their Class Certification Motion in accordance with the schedule and procedure established by Magistrate Judge Payne (E.D. Tex) who was presiding over the motion at the time of its briefing. *See* Motion to Reconsider at 3-5. Pursuant to that procedure, it was anticipated that Plaintiffs would present evidence and argument in support of their Class Certification Motion at a full-day evidentiary hearing prior to any ruling on the motion. Indeed, Plaintiffs relied on that procedure when submitting class certification briefing and subsequently submitted an exhibit list identifying over 100 additional exhibits, deposition designations and four witnesses who were expected to testify live at the hearing. *See* ECF No. 108. Judge Payne intended to make those exhibits, designations and testimony part of the class certification record. *See* Motion to Reconsider, Exhibit 2 at 15:18-22; 21:5-10. It was also anticipated that post-hearing briefing

would be submitted. *See id.* at 13:11-22. Once this case was transferred to the Northern District, Plaintiffs advised the Court of the need to supplement the class certification record with evidence and briefing. *See* ECF No. 132 at 3.

The Court denied class certification prior to accepting any of the aforementioned evidence into the record and prior to a class certification hearing or additional briefing. *See* ECF No. 139. Critically, the Court did not have the benefit of considering the Supplemental Report of Rick Harper—issued and served on Defendant on October 9, 2015 and listed on the exhibit list for the class certification hearing. *See* ECF No. 108 at Ex. 132; Ex. 1 to Motion for Reconsideration (the "Supplemental Report"). Mr. Harper's Supplemental Report was expressly referenced in Plaintiffs' Class Certification Reply Brief[1] and contains the Class Lease List which is expressly incorporated into Plaintiffs' class definition.[2] A meaningful analysis of the class certification issues in this case, including the proposed class definition, cannot be conducted without consideration of the Supplemental Report.

Given the significance of class certification to this litigation, the nature of the factual and legal issues discussed in the Class Certification Motion, and the class certification procedure established by the Eastern District of Texas and relied upon by Plaintiffs, Plaintiffs respectfully

---

[1] "Plaintiffs' expert, Rick Harper, has reviewed the leases on Class Lease Forms and, prior to the class certification hearing, will provide a supplemental report containing a list of these leases that provide for payment of royalty based on net proceeds or amount realized at the well and under which DEPCO has a duty to market gas with reasonable diligence as a reasonably prudent operator would under the same or similar circumstances (the 'Class Leases')." ECF No. 86 at 2, n. 3.

[2] As discussed in Plaintiffs' Class Certification Reply Brief, Plaintiffs intended to seek certification of the following class at the November 16, 2015 hearing: All persons or entities who, between January 1, 2008 and February 28, 2014, (i) are or were royalty owners in Texas wells producing natural gas that was processed through the Bridgeport Gas Processing Plant by Devon Gas Services, LP ("DGS"); (ii) received royalties from Devon Production Company, L.P. ("DEPCO") on such gas; (iii) had oil and gas leases that were on one of the following forms: Producers 88-198(R) Texas Paid-Up (2/93); MEC 198 (Rev. 5/77); Producers 88 (Rev 10-70 PAS) 310; Producers 88 Revised 1-53—(With Pooling Provision); Producers 88 (2-53) With 640 Acres Pooling Provision; Producers 88 (3-54) With 640 Acres Pooling Provision; Producers 88 (4-76) Revised Paid Up with 640 Acres Pooling Provision; Producers 88 (7-69) With 640 Acres Pooling Provision; and Producers 88 (Rev. 3-42) With 40 Acres Pooling Provision (the "Class Lease Forms"); and (iv) **had one or more of the oil and gas leases listed on the "Class Lease List."** *See id.* at 2 (emphasis added).

request leave to supplement the class certification record with additional evidence, including the exhibits and deposition testimony designated in Plaintiffs' First Amended Designation of Exhibits, Witnesses, and Testimony for Class Certification Hearing. *See* ECF No. 108.

Dated: February 25, 2016

Respectfully submitted,

*/s/ Joshua L. Hedrick*
**HEDRICK KRING PLLC**
Joshua L. Hedrick
Texas Bar No. 24061123
1700 Pacific Ave., Suite 4650
Dallas, TX 75201
Tel:  (214) 880-9600
Fax: (214) 481-1844
Email:  Josh@HedrickKring.com

**SEIDEL LAW FIRM, P.C.**
Brad E. Seidel
Texas Bar No. 24008008
6 Hedge Lane
Austin, TX 78746
Tel: (512) 537-0903
Email: bradseidel@me.com

**Wick Phillips Gould & Martin, LLP**
David Drez
Texas Bar No. 24007127
100 Throckmorton Street, Suite 500
Fort Worth, TX 76102
Tel: (817) 332-7788
Fax: (817) 332-7789
Email: david.drez@wickphillips.com

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Naumon Amjed (*pro hac vice*)
Pennsylvania Bar No. 309520
Melissa L. Troutner (*pro hac vice*)
Pennsylvania Bar No. 202183
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
Email: namjed@ktmc.com

Email: mtroutner@ktmc.com

**MATTINGLY & ROSELIUS, PLLC**
Brian L. Cramer (*pro hac vice*)
Oklahoma Bar No. 20661
13182 N. MacArthur Blvd.
Oklahoma City, OK 73142
Tel: (405) 603-2222
Fax: (405) 603-2250
Email: brian@mroklaw.com

**Law Offices of George L. McWilliams, P.C.**
George L. McWilliams
Texas Bar No. 13877000
P.O. Box 58
Texarkana, Texas-Arkansas 75504
Tel: (870) 772-2055
Fax: (870) 772-0513
Email: glmlawoffice@gmail.com

**Matthew Tyler Shoop,
Attorney at Law**
Matthew Tyler Shoop
Texas Bar No. 24070613
4525 Emerson Ave., No. 2
Dallas, TX 75205
Tel: (310) 729-5700
Email: tylershoop@gmail.com

**KEIL & GOODSON P.A.**
Matt Keil (*pro hac vice*)
Texas Bar No. 11181750
Arkansas Bar No. 86099
John C. Goodson (*pro hac vice*)
Arkansas Bar No. 90018
407 Walnut Street
Texarkana, AR 71854
Tel: (870) 772-4113
Fax: (870) 773-2967
Email: mkeil@kglawfirm.com
Email: jcgoodson@kglawfirm.com

*Counsel for Plaintiffs and the Proposed Class*

4

**CERTIFICATE OF CONFERENCE**

I hereby certify that that on February 25, 2016, counsel for Plaintiffs, Brad Seidel, conferred with counsel for Defendants, Craig Haynes, who stated that the Defendants oppose the relief sought herein.

/s/ Joshua L. Hedrick

**CERTIFICATE OF SERVICE**

On February 25, 2016, I caused to be electronically submitted the foregoing document with the clerk of court for the U.S. District court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Joshua L. Hedrick