IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
May 15, 2020
Lyle W. Cayce
Clerk

No. 20-90011

HENRY SEELIGSON; JOHN M. SEELIGSON; SUZANNE SEELIGSON NASH; SHERRI PILCHER,

    Plaintiffs - Respondents

v.

DEVON ENERGY PRODUCTION COMPANY, L.P.,

    Defendant - Petitioner

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-82

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

A putative class of natural gas royalty owners first sued Devon Energy Production Company ("DEPCO") in 2014, alleging that DEPCO "violat[ed] the duty to market implied in the class members' mineral leases" by colluding with its affiliate Devon Gas Services to inflate the profits of their shared parent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

company at the expense of royalty owners.[1] The district court certified the class, and DEPCO appealed. In February 2019, we reversed and remanded for further proceedings on two issues: commonality and predominance.[2]

As to commonality, we instructed the district court to receive and evaluate "additional specific evidence" of the duty-to-market claim's susceptibility to classwide proof.[3] We also instructed the court to consider whether Plaintiffs' leases raised individual timeliness issues that would preclude a finding of predominance.[4] On remand, the district court received additional evidence and once again certified the class. DEPCO now seeks permission to appeal the district court's certification decision for a second time.[5]

Although courts of appeals possess "unfettered discretion" to authorize the interlocutory appeal of a district court's class-certification order, that discretion is best exercised "when the certification decision turns on a novel or unsettled question of law [or] is likely dispositive of the litigation."[6] DEPCO does not claim that either of those circumstances is present here. Moreover, DEPCO's objections to the district court's order are unpersuasive. DEPCO contends that the district court disregarded our directive to evaluate additional evidence of commonality on remand; however, the record shows that the district court considered several new export reports containing analyses, opinions, and models on commonality.

---

[1] *Seeligson v. Devon Energy Prod. Co., L.P.*, 761 F. App'x 329, 331 (5th Cir. 2019) (unpublished) (per curiam).

[2] *Id.* at 339.

[3] *Id.* at 337.

[4] *Id.* at 338–39; *see* FED. R. CIV. P. 23(b)(3).

[5] *See* FED. R. CIV. P. 23(f).

[6] *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709, 1710 (2017) (internal quotation marks omitted) (quoting FED. R. CIV. P. 23(f) Committee Note).

As to predominance, DEPCO argues that the district court's finding on remand—that the discovery rule would resolve all timeliness issues one way or the other for the entire class—is barred by *Wagner & Brown, Ltd. v. Horwood*, a Texas Supreme Court case holding that the discovery rule categorically "does not apply to claims of royalty underpayment."[7] This is an overstatement of the case. In fact, *Wagner & Brown* expressly *rejected* the argument that "all claims for breach of oil and gas lease covenants are categorically exempt from the discovery rule's application."[8] Rather, as several subsequent cases have observed, the discovery rule *does* toll the statute of limitations in royalty-underpayment cases where "the information to determine a proper value" was not "available [to the plaintiffs] through reasonable diligence."[9] Here, the district court identified several factors that call into question Plaintiffs' ability to discover the alleged underpayments before the statute of limitations had run. Whether those factors are actually sufficient to invoke the protection of the discovery rule is a question to be decided at the merits stage.

In short, the district court complied with this Court's instructions on remand and reconsidered its findings on both commonality and predominance. Particularly given the fact that we have already addressed this class

---

[7] *See Wagner & Brown*, 58 S.W.3d 732 (Tex. 2001). "The discovery rule is a limited exception to the general rule that a cause of action accrues when a legal injury is incurred." *Archer v. Tregellas*, 566 S.W.3d 281, 290 (Tex. 2018) (internal quotation marks omitted). Where "the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable," the discovery rule "defers accrual until the plaintiff knew or should have known of the facts giving rise to the cause of action." *Id.*

[8] *Wagner & Brown*, 58 S.W.3d at 735.

[9] *Shoop v. Devon Energy Prod. Co., L.P.*, No. 3:10-cv-00650-P, 2013 WL 12251353, at *19 (N.D. Tex. March 28, 2013); *see also Archer*, 566 S.W.3d at 291 ("[T]he discovery rule does not apply to royalty owners' claims of underpayment of royalties *where* readily accessible and public available information would have revealed the underpayments." (internal quotation marks omitted) (emphasis added)); *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 930 (Tex. 2011) ("In *Wagner & Brown*, we held that the discovery rule did not apply to defer the accrual of royalty owners' claims for underpayments . . . because the royalty owners could have timely discovered the underpayments through the exercise of due diligence.").

No. 20-90011

certification once, we are not inclined to postpone consideration of the merits any further. DEPCO's petition for permission to file a Rule 23(f) appeal is denied.

4