IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY SEELIGSON, JOHN M. SEELIGSON, SUZANNE SEELIGSON NASH, and SHERRI PILCHER, individually and on behalf of all others similarly situated, | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:16-CV-00082-K |
| DEVON ENERGY PRODUCTION COMPANY, L.P., | § § § § | |
| Defendant. | § | |

## ORDER PRELIMINARILY
## APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending in this Court entitled *Seeligson v. Devon Energy Prod. Co., L.P.*, Case No. 3:16-CV-00082-K (the "Action");

WHEREAS, Henry Seeligson, John M. Seeligson, Suzanne Seeligson Nash, and Sherri Pilcher ("Plaintiffs"), on behalf of themselves and the Certified Class (defined below), and Defendant Devon Energy Production Company, L.P. ("Defendant" or "DEPCO") have determined to settle all claims asserted against Defendant in this action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 30, 2020, subject to the approval of this Court (the "Settlement").

1

WHEREAS, the Class definition moved for and approved by the Court in the February 11, 2020 Memorandum Opinion and Order, includes:

> All persons or entities who, between January 1, 2008 and February 28, 2014, (i) are or were royalty owners in Texas wells producing natural gas that was processed through the Bridgeport Plant by DGS; (ii) received royalties from DEPCO on such gas; (iii) had oil and gas leases that were on one of the following forms: Producers 88-198(R) Texas Paid-Up (2/93); MEC 198 (Rev. 5/77); Producers 88 (Rev. 10-70 PAS) 310; Producers 88 Revised 1-53—(With Pooling Provision); Producers 88 (2-53) With 640 Acres Pooling Provision; Producers 88 (3-54) With 640 Acres Pooling Provision; Producers 88 (4-76) Revised Paid Up with 640 Acres Pooling Provision; Producers 88 (7-69) With 640 Acres Pooling Provision; and Producers 88 (Rev. 3-42) With 40 Acres Pooling Provision (the "Class Lease Forms"); and (iv) had one or more of the oil and gas leases listed on the "Class Lease List".
>
> Excluded from the Class are: (1) overriding royalty interest owners who derive their interest through the oil and gas lease; (2) all governmental entities, including federal, state, and local governments and their respective agencies, departments, or instrumentalities; (3) the States and territories of the United States or any foreign citizens, states, territories, or entities; (4) the United States of America; (5) publicly traded entities and their respective parents, affiliates, and related entities; (6) owners of any interests and/or leases located on or within any federally created units; (7) owners of any non-operating working interest for which DEPCO or its agents or representatives, as operator, disburses royalty; (8) DEPCO and any entity in which DEPCO has a controlling interest, and their officers, directors, legal representatives and assigns; and (9) members of the judiciary and their staff to whom this Action is assigned.

The "Class Lease List" is Exhibit 5 to the Settlement Agreement (Doc. No. 250) and was filed under seal. It is incorporated by reference into this Order.

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement and allowing notice to Class Members as more fully described herein;

2

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion to preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation and Agreement of Settlement, and including, without limitation, the Plan of Allocation attached hereto, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to the further consideration at the Fairness Hearing to be conducted as described below.

2. **Fairness Hearing:** The Court will hold a settlement hearing (the "Fairness Hearing") **on June 15, 2021, at 10:00 a.m.**, and no earlier than one hundred-twenty (120) calendar days after the Notice Date, via video conference, or another method later selected and ordered by the Court, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a

Judgment in the form attached as Exhibit 3 to the Settlement Agreement should be entered dismissing the Action with prejudice against the Parties; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees, Litigation Expenses, and Service Awards should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement. Notice of the Settlement and the Fairness Hearing shall be given to the Class Members as set forth in paragraph 4 of this Order.

3.   The Court may adjourn the Fairness Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.   **Retention of Settlement Administrator and Manner of Giving Notice:** Class Counsel are hereby authorized to retain Heffler Claims Group (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement. Notice of the Settlement and the Fairness Hearing shall be given by Class Counsel as follows:  (a)   Defendant shall provide all information reasonably necessary (including, without limitations, supporting declaration) for the Settlement Administrator to issue notice to each Class Member and for Plaintiffs' Counsel and their experts to finalize the Plan of Allocation;

4

(b) not later than twenty-one (21) business days after the entry of this Order (the "Notice Date"), the Settlement Administrator shall: (i) send through the United States mail, by first-class mail, postage prepaid, the Summary Notice, and (ii) send through email the Summary Notice to each royalty owner with an e-mail address identified in the information provided by Defendant;

(c) contemporaneously with the mailing of the Summary Notice, the Settlement Administrator shall cause a copy of the Long Form Class Notice to be posted on a website to be developed for the Settlement, from which copies of the Long Form Class Notice can be downloaded;

5. **Approval of Form and Content of Notice:** The Court (a) approves, as to form and content, the Summary Notice and Long Form Class notice, attached hereto as Exhibits 1 and 2, respectively, and (b) finds that the mailing and distribution of the Long Form Class Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Fairness

Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6. **Notice Recipients:** Class Notice shall inform recipients that if they owned any royalty interest in wells producing natural gas processed at the Bridgeport Gas Processing Plant between January 1, 2008 and the February 28, 2014, but no longer own such interest, they must notify the Settlement Administrator or Class Counsel within forty-five (45) calendar days of the Notice Date whether they retained any rights to any proceeds of this Litigation; if not, any proceeds from the Settlement will be paid to the royalty owner as reflected in DEPCO's pay histories for such interest as of the February 2014 production month, or last production month in time prior thereto.

7. **CAFA Notice:** As provided in the Settlement, Defendant shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Settlement with the Court. Defendant is solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Fairness Hearing, Defendant shall cause to be served on Class Counsel and filed with

the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8. **Opt-Out Requests:** Any member of the Class who does not wish to remain in the Class must submit a request to opt out of the Class ("Opt-Out Request") to the Settlement Administrator at the address specified in the Class Notice no later than forty-five (45) calendar days after the Notice Date. To be effective, the Opt-Out Request must be: (i) sent via first-class U.S. mail to the specified address; (ii) include, the Class Member's full name, tax identification number, owner number or Bus. Assoc. #, mailing address, telephone number, and email address; (iii) explicitly and unambiguously state his or her desire to opt our of the Class in *Henry Seeligson, John M. Seeligson, Suzanne Seeligson Nash, and Sherri Pilcher v. Devon Energy Production Company, L.P.*, Civil Action No. 3:16-cv-00082-K (N.D. Tex.); and (iv) be individually and personally signed by the Class Member (if the Class Member is represented by counsel, it must also be signed by such counsel). The Settlement Administrator will maintain a list of all Opt Out Requests and shall provide the list to DEPCO and Class Counsel sixty (60) calendar days after the Notice date and to the Court seven (7) calendar days prior to the Fairness Hearing.

(9) Any person or entity who or which timely and validly requests an opt out in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or

any orders or judgments in the Litigation, and shall not receive any payment out of the Settlement Fund.

(10) Any Class Member who or which does not timely and validly request an opt out from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement and all proceedings, determinations, order, and judgment in this Litigation, including, but not limited to, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Parties' Releasees, as more fully described in the Settlement.

11. **<u>Objection to the Settlement:</u>** Any Class Member who does not request an opt-out from the Class may enter an appearance in this Litigation, at his or her own expense, individually or through counsel of his or her choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and designated Defendant's Counsel, at the addresses set forth in paragraph 12 below, such that it is received no later than ninety (90) calendar days after the Notice Date, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

12. Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he or she has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however,* that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person has filed a written objection with the Court and served copies of such objection on Class Counsel and designated Defendant's Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Fairness Hearing.

**Class Counsel**

Geoffrey C. Jarvis
Melissa L. Troutner
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
Email: gjarvis@ktmc.com
Email: mtroutner@ktmc.com

**Defendant's Counsel**

Craig A. Haynes
P. Jefferson Ballew
Rachelle H. Glazer
Julie Abernethy

9

      THOMPSON & KNIGHT LLP
      1722 Routh Street, Suite 1500
      Dallas, TX 75201
      Tel: (214) 969-1700
      Fax: (214) 969-1751
      Email: Craig.Haynes@tklaw.com
      Email: Jeff.Ballew@tklaw.com
      Email: Rachelle.Glazer@tklaw.com
      Email: Julie.Abernethy@tklaw.com

      13.    Any objections, filings, and other submissions by the objecting Class Members: must include: (a) the name, address, and telephone number of the person objecting and the signature of the objector; (b) the specific grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (c) a copy of the Class Member's oil and gas lease; (d) copies of any papers, briefs, or other documents upon which the objection is based; (e) the name, address, email address, and telephone number of every attorney representing the objectors; and (f) a statement indicating whether the objector and/or his or her counsel intends to appear at the Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

      14.    Any Class Member who does not make his or her objection in the manner provided herein may be deemed to have waived his or her right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be

10

forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

15. **Stay and Temporary Injunction:** Until otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Class from commencing or prosecuting any and all of the Released Claims against each and all of the Parties' Releasees.

16. **Settlement Administration Fees and Expenses:** All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Settlement without further order of the Court.

17. **Settlement Fund:** The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in custodial legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Settlement and/or further order(s) of the Court.

18. **Termination of Settlement:** If the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement, and this Order shall be without prejudice to the rights of Plaintiffs, Class Members, and Defendants, and the Parties shall revert their respective positions in the Litigation as of October 15, 2020.

19. **Use of this Order:** Neither this Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement agreement and/or approval or the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendant's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant's Releasees or in any way referred to for any other reason as against any of the Defendant's Releasees, in

12

any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendant's Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceedings or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Settlement Agreement is approved by the Court, the Parties, and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

20. **Supporting Papers:** Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses no later than seventy-five (75) calendar days after the Notice Date; and reply paper, if any, shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.

**SO ORDERED.**

Signed on January 14th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE